

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*Federal Center*             *716/843-5700*
*138 Delaware Avenue*        *fax 716/551-3052*
*Buffalo, New York   14202*    *Writer's Telephone:   716/843-5881*
                                       *Writer's fax:   716/551-3052*
                                       *Casey.Chalbeck@usdoj.gov*

July 24, 2025

**VIA ELECTRONIC MAIL**[1]
Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

         Re:    *United States of America v. Gogolack*, et al.,
                    Case Number: 23-CR-99-LJV

Dear Judge Vilardo:

      The government offers this letter in response to defendant Peter Gerace, Jr.'s supplement in support of his Motion for Severance.  *See* Suppl. Aff. Support Def. Peter Gerace's Mot. for Severance, ECF No. 493, (dated July 17, 2025) (hereinafter the "Supplement").  In his Supplement, Mr. Gerace asks the Court to grant his severance motion because, in his words, the government's disclosure of purported *Brady* material injected further delay in this case.  *See generally id.*  Specifically, Mr. Gerace's cites the disclosure of grand jury testimony provided by a witness previously represented by the Federal Public Defender, which, until recently, represented co-defendant Simon Gogolack.  Because that witness's testimony revealed a conflict for FPD, FPD withdrew from representing Mr. Gogolack.  *See generally id.*  Faulting the government for not identifying the conflict earlier, Mr. Gerace claims that Mr. Gogolack's change-in-counsel requires severance to protect Mr. Gerace's speedy trial rights.  *See generally id.*  These arguments fail for three reasons.

      *First*, as he makes clear on the very last page of his Supplement, Mr. Gerace's severance motion is premised upon the proposition that a joint trial will violate his speedy trial rights.  *See* Suppl., at 10 ("Among other things, absent severance, the delay caused by the government affects the defendants' right to a speedy trial.").  But Mr. Gerace has consistently injected delay into this case and opposed efforts to hasten its resolution, most recently on June 9, 2025, when he and every other defendant opposed the Court's efforts to set a trial date.[2]  *See* Status

---

[1]     Counsel will file a redacted version on the public docket via PACER.

[2]     In its Motion to Rescind the Referral Order and Schedule a Trial Date, the government provided an overview of the defendants' efforts to delay the case and otherwise embrace the least efficient way

Conf. Tran., at 20, (dated June 9, 2025) ("The Court: [W]hat do you folks think about setting a trial date now?  Ms. Meyers-Buth: Judge, my two cents on behalf of Mr. Gerace is that it makes more sense to . . . talk about setting trial dates after you decide the motions for severance and the motions to change vicinage."); *id.* at 25 ("The Court: Do any defendants want me to set a trial date today?  Raise your hand.  I don't see any hands.  Okay.  So, no one wants a trial date today.  So, you have it on the record, Mr. Cooper.  You are pushing for a trial date.  You urged me to set a trial date.  The defendants have asked me not to set a trial date.").  Thus, though the Court must consider the reasonableness of any delay when a defendant "is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," 18 U.S.C. § 3161(h)(6), it need not sever Mr. Gerace today on a basis he disclaimed yesterday.[3]

*Second*, severance under Rule 14 is especially ill-advised here because Mr. Gerace fails to muster even a conclusory allegation that any delay regarding Mr. Gogolack's change in counsel will severely prejudice him.  Rule 14(a) requires Mr. Gerace to demonstrate prejudice so "severe" that it "outweigh[s] the judicial economy that would be realized by avoiding lengthy multiple trials."  *United States v. Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986); *United States v. Luehrsen*, No. 21-CR-120, 2024 WL 2532100, at *4 (W.D.N.Y. May 24, 2024) (Vilardo, J.) (recognizing that "the bar for prejudice under Rule 14(a) is high").  But Mr. Gerace makes no attempt to make this showing.  In fact, the word "prejudice" does not appear in his brief.  And that is to be expected: the exact amount of delay resulting from Mr. Gogolack's change-in-counsel has not materialized.  Because the length of time Mr. Gogolack's new attorneys will require to prepare dispositive motions is undetermined, it is entirely unclear whether and to what extent Mr. Gogolack's change-in-counsel will delay a trial that, consistent with Mr. Gerace's request, this Court has yet to set.  *See United States v. Bramwell*, No. 3:23-CR-00150 (SVN), 2025 WL 1924338, at *4 (D. Conn. July 14, 2025) (denying motion to sever where a co-defendant's change in counsel resulted in a trial delay because the movant relied, in pertinent part, "only on a conclusory assertion that he will be prejudiced" form the delay); *United States v. Kidd*, No. 15-CR-98-FPG-HKS-3, 2018 WL 2723991, at *7 (W.D.N.Y. June 6, 2018) ("Unsupported, conclusory allegations of prejudice . . . are insufficient to warrant severance." (collecting cases)).

*Third*, just as Mr. Gerace makes no attempt to satisfy Rule 14(a)'s severe prejudice standard, he also declines to articulate how any delay resulting from Mr. Gogolack's change in counsel is unreasonable under § 3161(h)(6).  Courts in this circuit have been reluctant to find that limited delays resulting from a co-defendant's change-in-counsel are unreasonable.  *See Bramwell*, 2025 WL 1924338, at *5 (concluding that an anticipated delay of three months was reasonable under § 3161(h)(6)); *United States v. Contreras*, 216 F. Supp. 3d 299, 307 (W.D.N.Y. 2016) (concluding that a thirteen-and-a-half-month period of delay was

---

to move the case forward.  *See* Gov. Mot. Rescind Referral Order & Schedule a Tr. Date, at 5–13, ECF No. 435, (dated May 28, 2025).  The government incorporates that overview by reference.

[3] The Speedy Trial Act "imposes a unitary time clock on all co-defendants joined for trial." *Unites States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990).  Therefore, "delay attributable to any one defendant is charged against the single clock, thus making the delay applicable [and excludable under the STA] to all defendants."  *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986).

2

reasonable). Mr. Gerace offers this Court no reason to depart from these well-reasoned decisions and, in any event, the Court need not decide this issue today because (1) the delay involving Mr. Gogolack's counsel has yet to materialize and (2) Mr. Gerace has made no effort to explain why the (as yet, speculative) delay is unreasonable.

Finally, though Mr. Gerace's Supplement merits little consideration for the reasons stated above, the government also notes that the early 3500 material it disclosed is not *Brady* material. The material Mr. Gerace references illustrates that, ███████████████████████████████████████████████████████████████. That information is highly probative of Mr. Gerace's intent to engage in witness tampering and witness retaliation and thus could hardly be characterized as *Brady*.

For all these reasons, the Court should determine that Mr. Gerace's Supplement states no basis for severing him from the case pursuant to Rule 14.

Respectfully,

Casey L. Chalbeck
Assistant United States Attorney

CC: Counsel of record.