

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*Federal Center*  716-843-5700
*138 Delaware Avenue*  *fax* 716-551-3052
*Buffalo, New York  14202*  Writer's Telephone:  716-843-5881
  Writer's fax:  716-551-3052
  Casey.Chalbeck@usdoj.gov

September 9, 2025

**VIA PACER**
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:   *United States of America v. Gogolack, et al.*,
            **Case Number: 23-CR-99-EAW**

Dear Judge McCarthy:

      On September 8, 2025, defendant Peter Gerace sent, via email, an undocketed letter updating his prosecutorial misconduct allegations in light of the government's recent disclosure of correspondence between former U.S. Attorney Ross and Chief Judge Elizabeth A. Wolford.[1] Mr. Gerace failed to disclose that that very issue is the subject of dispositive motions currently pending with the District Court.

      In evaluating Mr. Gerace's letter, it is important to consider what it is not.  It is not—and does not purport to be—a motion for reconsideration of this Court's decision to conduct an *in camera* inspection of the Grand Jury minutes based on an allegedly false Overt Act in the Indictment, as opposed to his prosecutorial steering allegations.  Nor is it a memorandum of law explaining to what extent, if at all, Mr. Gerace's updated prosecutorial steering allegations satisfy the demanding "particularized need" standard necessary for the inspection of Grand Jury minutes.  *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 228 (1979). Indeed, the standard governing this Court's ability to review Grand Jury minutes makes no appearance whatsoever.  Instead, Mr. Gerace's letter reads as a dispositive brief, intended to persuade a court that the government committed prosecutorial misconduct in his legally baseless bid to dismiss the Second Superseding Indictment.

---

[1] Mr. Gerace intimates that the letter from U.S. Attorney Ross to Chief Judge Wolford amounts to an improper *ex parte* communication.  *See* Gerace Ltr., at 1.  This is incorrect.  At the time of the correspondence, Chief Judge Wolford was not presiding over the *Gogolack* prosecution.  Accordingly, there was no litigation advantage the government could secure while discussing its application of administrative rules and procedures involving the case-related form to this case.  Once the case was administratively transferred to Chief Judge Wolford, the government disclosed the letter to defense counsel consistent with Second Circuit authority regarding *ex parte* communications.  *See generally United States v. Rechnitz*, 75 F. 4th 131 (2d Cir. 2023).

Mr. Gerace all but says as much. In footnote 9, Mr. Gerace claims that he has "reserved [his] right to bring a motion to dismiss for prosecutorial steering once [he] receives this Court's decision on whether grand jury transcripts can be released to the defense." Gerace Ltr., at 11 n. 9. One could be forgiven for thinking, based on this sentence, that Mr. Gerace, has not yet brought "a motion to dismiss for prosecutorial steering." *Id.* But one would be mistaken. In fact, as Mr. Gerace fails to disclose, he *has* already placed this *very* issue before the District Court in his dispositive motions. *See* Gerace Disp. Mots., at 61–68, ECF No. 545, (dated Aug. 8, 2025) (arguing that the indictment should be dismissed based on prosecutorial steering). And on September 8, 2025, the government responded to Mr. Gerace's motion. In other words, the matter has been briefed and is pending with the District Court.

Because Mr. Gerace's allegations of prosecutorial steering are, by his own choosing, already before the District Court, his letter is not properly before this Court. Accordingly, the Court should strike Mr. Gerace's undocketed, informal letter and direct him to file it in the proper forum.

Very truly yours,

BY:   CASEY L. CHALBECK
      Assistant United States Attorney