IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

          v.

SIMON GOGOLACK, et al.,

          Defendants.

_____

23-CR-99-JJM-EAW

### SUPERSEDING MOTION TO DISCLOSE POTENTIAL RULE 6(e) MATERIAL; MOTION TO FILE A FULLY UNREDACTED RESPONSE IN OPPOSITION TO THE DEFENDANTS' DISPOSITIVE MOTIONS UNDER SEAL AND MOTION FOR LEAVE TO FILE A REDACTED RESPONSE BRIEF ON THE PUBLIC DOCKET

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Casey L. Chalbeck, Assistant United States Attorney, of counsel, hereby moves this Court for: (1) permission to disclose potential Rule 6(e) material;[1] and (2) leave to file a redacted response brief on the public docket.

## I.    BACKGROUND

### A.    Facts Pertinent to the Government's Motion for Disclosure Pursuant to Fed. R. Crim. P. 6(e)

On August 8, 2025, defendant Peter Gerace, Jr., filed his dispositive motions seeking, in relevant part, dismissal of the Second Superseding Indictment or, alternatively, suppression of evidence based on alleged prosecutorial misconduct.  *See* Gerace Disp. Mots., at 69–76, ECF

---

[1] The government has confirmed with counsel for Messrs. Gerace, Gogolack, Ermin, Hinkle, Knight, and Roncone that they do not object to the government's disclosure motion.  *See* Text Order, ECF No. 594, (dated Sept. 9, 2025) (directing defendants to file "any objection addressing whether Rule 6(e)(3)(E)(i) applies to the government's motion, or whether they have any objection to the government's motion").

No. 545, (dated Aug. 8, 2025).  Specifically, Mr. Gerace argued that the government committed prosecutorial misconduct in issuing a Grand Jury subpoena to a private investigator whose work-product he claims fell within the ambit of his attorney-client privilege.  *See generally id.*

Mr. Gerace's arguments are similar to those he advanced in case number 1:19-CR-227 and 1:23-CR-37,[2] wherein he moved for dismissal of the indictments in those cases and for sanctions due to: (1) alleged prosecutorial interference with his right to counsel related to the government's motion to disqualify one of his attorneys; and (2) the alleged improper subpoenaing of his private investigator.  *See* Sealed Mot. Dismiss & Sanctions, at 61–68, ECF No. 998, 1:19-CR-227, (dated June 5, 2024) (arguing that "the defense investigator was ordered to comply with a grand jury subpoena based on an intentional or reckless presentation of false information to the Court" (capitalization omitted)) (attached hereto as **Exhibit A**).

That motion was premised, in part, on material disclosed to the defense through the disqualification litigation.  Specifically, while the Grand Jury investigation in question was still active, the District Court in 1:19-CR-227 ordered the government to disclose to the defense certain specific Grand Jury materials.  *See Ex Parte*, in Chambers Meeting Tran., at 30:02–06, (dated Dec. 1, 2023) (attached hereto as **Exhibit B**).[3]  The government was ordered to disclose, among other materials, the following exhibits: (1) the recording by the private investigator; and (2) demonstrative exhibits regarding the changes made to affidavits submitted in 1:19-CR-227. The District Court also directed the government to resubmit and share with Mr. Gerace its motion to disqualify one of Mr. Gerace's attorneys.  *See id.* at 30:20–21.  Included in the

---

[2]    The indictment against Mr. Gerace in 1:23-CR-37 was joined to his indictment in 1:19-CR-227.

[3]    Because this portion of the in chambers meeting with the District Court was held *ex parte*, as it related to an active Grand Jury investigation, the government is not disclosing Exhibit B to defense counsel.

government's revised and superseding motion to disqualify were discussions of the testimony two witnesses had provided to the Grand Jury. *See* Sealed Gov. Rev'd & Super. Mot. Disqualify, at 18, ECF No. 691, (filed Dec. 12, 2023) (attached hereto as **Exhibit C**). Thus, through the disqualification litigation in 1:19-CR-227, Mr. Gerace obtained the following: (1) the recording generated by the private investigator; (2) demonstrative exhibits relating to falsified affidavits submitted to the District Court; and (3) summaries of witness testimony before the Grand Jury. At that time, these materials and attendant court filings were filed under seal due to the active nature of the Grand Jury's investigation.

Like its motion to disqualify, the government's subsequent response in opposition to Mr. Gerace's motion to dismiss and for sanctions discussed relevant witness testimony before the Grand Jury, as well as the recording and demonstrative exhibits relating to the falsified affidavits. *See, e.g.*, Sealed Gov. Resp. Opp. Mot. Dismiss & Sanctions, at 34–36, 38, 41–44, ECF No. 1000, 1:19-CR-227, (dated June 7, 2024) (attached hereto as **Exhibit D**).[4]

In the instant litigation, the government's response in opposition to Mr. Gerace's motion to dismiss or, alternatively, for suppression, contains similar material, including material falling within the following five categories:[5]

    1.    The private investigator's name;[6]

---

[4]    Because Exhibits A, C, and D remain under seal in 1:19-CR-227 and 1:23-CR-37, the government is not distributing it to Messrs. Gogolack, Ermin, Hinkle, and Roncone.

[5]    The government electronically served the defendants a lightly redacted version of its response brief on Monday, September 8, 2025. The government only redacted what it deemed to be potential Rule 6(e) material. The government served three copies of its response brief on the Court via USAFx the same day: one unredacted, one highlighted, and one redacted.

[6]    Mr. Gerace knows the private investigator's name, which the district court in 1:19-CR-227 noted in a Text Order. *See* Text Order, ECF No. 1164, (dated Aug. 30, 2024) (referencing the private investigator's first and last name).

2.      The contents of the Grand Jury's subpoena to the private investigator;

3.      The fact that three witnesses testified before the Grand Jury and summaries of their testimony;

4.      References to the recording and its content;[7] and

5.      Demonstrative exhibits comparing certain affidavits.[8]

Notably, the operative Rule 16 discovery Protective Order in this case permits the parties to discuss—without further sealing—most of the discovery in their court filings. *See* First Am. Protective Order, at 2, ECF No. 293, (dated Nov. 7, 2024) ("**ORDERED** that nothing in this order shall preclude the parties from disclosing the Discovery Information during the course of the litigation of this action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings.").

**B.    Facts Pertinent to the Government's Motion for Leave to File a Redacted Response on the Public Docket**

The government also seeks leave to file a redacted response on the public docket. Because the scope of potentially sealed material is greater than the scope of potential Rule 6(e) material, the public version of the government's response brief may be more heavily redacted than the version available to parties. Specifically, and as explained *infra*, the government's response brief references the following categories of information:

(1) sealed court filings;

---

[7]    All the defendants have access to the recording, which was produced in discovery. *See* Bates GOV-00031417 and GOV-00031418.

[8]    All the defendants have access to the demonstrative exhibits, which were produced in discovery. *See* Bates GOV-00031412–14; GOV-00031419–22.

(2) sealed court proceedings;

(3) discovery that was previously discussed in sealed court filings;

(4) sealed search warrant affidavits; and

(5) witness names and/or addresses.

Attached as **Exhibit E** is a copy of the government's response brief indicating, through blue highlights, what material it believes—due to the sealing decisions of other courts—may constitute sealable material.[9]  The following table synthesizes this material, where it is located in the government's response brief, and why the government has designated it as potentially sealable material.

| Sealing Material | | | |
|---|---|---|---|
| No. | PDF Page No. | Description | Sealing Basis |
| 1. | 17 | Discussion of defense witness list | Defense witness list was filed under seal in 19-CR-227[10] |
| 2. | 18 & n. 4 | Discussion of the identity of an individual listed on the defense witness list | *Id.*; sealing is also appropriate to protect the witness's identity |
| 3. | 20 | *Id.* | *Id.* |

---

[9]    Exhibit E, which will be shared with all defense counsel, redacts the potential Rule 6(e) material that is the subject of this motion.

[10]    In case numbers 1:19-CR-227 and 1:23-CR-37, the government moved for the disclosure of certain sealed documents so that they could be produced in discovery in the instant litigation.  *See* Mot. Disclosure Sealed Docs., ECF No. 1013, (dated June 17, 2024).  Specifically, the government sought to disclose as part of voluntary discovery the following sealed documents from those cases: ECF Nos. 462 (Government's Sealed Witness List); 493 (Gerace's Unredacted Motion for Reconsideration of Detention Hearing); 529 (Gerace's Sealed Witness List); 585 (Gerace's Sealed Motion for Pretrial Release); and 604 (Gerace's Reply Brief in Support of his Motion for Release).  On June 27, 2024, the Court granted the government's motion.  *See* Text Order, ECF No. 1032, (dated June 27, 2024).  However, it is the government's understanding that, though the District Court unsealed these filings for the purposes of facilitating discovery in this case, the filings remain under seal.

Additionally, the District Court unsealed the following filings for the purposes of discovery: ECF No. 488 (Sealed May 17, 2023, Colloquy in Unredacted Form); ECF No. 498 (Gov. Sealed Response to Gerace's Motion to Reopen Detention Hearing); ECF No. 503 (Sealed Unredacted Version of ECF No. 502, Gov. Response in Opposition to Gerace's Motion for Release); ECF No. 605 (Government Sealed Response in Opposition to Gerace's August 2023 Motion for Reconsideration).  *See* Order, at 1, ECF No. 1450, (Mar. 3, 2025).  These filings remain under seal, however, in 1:19-CR-227 and 1:23-CR-37.

| | Sealing Material | | |
|---|---|---|---|
| No. | PDF Page No. | Description | Sealing Basis |
| 4. | 42 | Reference to a sealed affidavit in 19-CR-227 | The filing was submitted under seal in 19-CR-227 |
| 5. | 43–46 | Reference to a sealed brief and affidavits in 19-CR-227 | *Id.* |
| 6. | 46–53 | References to a sealed court proceeding relating to a Grand Jury subpoena | These proceedings are under seal because they related to a Grand Jury subpoena. |
| 7. | 54–55 | References to the private investigator's recording | These materials are discussed at length in the disqualification litigation discussed *supra*, and were originally received under seal when there was an active grand jury investigation. Though the Protective Order permits the parties to discuss discovery in the litigation, without filing sealing motions in some instances, the government has identified this material as potentially sealable in an abundance of caution. |
| 8. | 61 ¶ 1 | References witness names and facts discussed in sealed filings | The witnesses' names should be sealed to protect their privacy; references to activity done in connection with the witnesses has been deemed potentially sealable because it relates to a sealed filing in 19-CR-227 |
| 9. | 61 ¶ 2 | References the government's argument in a sealed proceeding | Because the underlying proceeding is sealed, the government designated this as potentially sealable in an abundance of caution |
| 10. | 62–65 | References arguments made during and in connection to a sealed proceeding | *Id.* |
| 11. | 67–72 | References witness names and representations made by the defendant in a sealed filing | Witness names should be accepted under seal to protect their privacy; references to filings were deemed sealable because the underlying filing is sealed. |

| No. | PDF Page No. | Description | Sealing Basis |
|-----|-------------|-------------|---------------|
| | | **Sealing Material** | |
| 12. | 81–83, 85 | References addresses and content within a sealed search warrant affidavit | Addresses should be sealed to protect the defendant's privacy interests; references to the affidavit were deemed sealable because the underlying search warrant application is sealed. |
| 13. | 88 | References an individual's first and last name | The last four letters of an individual's first name should be sealed to protect his privacy interests |
| 14. | 99–101, 103–04 | References addresses and content within a sealed search warrant affidavit | Addresses should be accepted under seal to protect the defendant's privacy interests; references to references to the affidavit were deemed sealable because the underlying search warrant application is sealed. |
| 15. | 108–11, 113–34 | References addresses and content within a sealed search warrant affidavit, as well as witness names. | Addresses and names should be sealed to protect privacy interests; references to references to the affidavit were deemed sealable because the underlying search warrant application is sealed. Additionally, there is an attorney's eyes only protective order in place for Hinkle's warrant. |

## II.    LEGAL FRAMEWORKS

### A.    Grand Jury Secrecy

"Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983). There are, however, exceptions to this rule of secrecy. Rule 6(e)(3)(E)(i) allows a court to authorize disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding." FED. R. CRIM. P. 6(e)(3)(E)(i).

Courts considering the potential disclosure of grand jury materials apply a balancing test. *In re United States for Material Arrest Warrant*, 436 F. Supp. 3d 768, 769–70, No. 19 Misc. 447 (LGS), (S.D.N.Y. Jan. 29, 2020). Specifically, they "weigh[ ] the need for secrecy against the need for disclosure," *id.*, which must be "particularized", *United States v. Ulbricht*, 858 F.3d 71, 107 (2d Cir. 2017*), abrogated on other grounds by Carpenter v. United States*, 585 U.S. 296 (2018); *see also Douglas Oil Co. of Calif. v. Petrol Stops N.W.*, 441 U.S. 211, 223 (1979); *SEC v. Rajaratnam*, 622 F.3d 159, 183 (2d Cir. 2010). "Where, as here, the proceedings have concluded, the interest in maintaining the secrecy of grand jury records is reduced, but not eliminated." *United States v. Silver*, 103 F. Supp. 3d 370, 381 (S.D.N.Y. 2015).

**B.    Sealing**

"Under both the common law and the First Amendment, there is a strong presumption of public access to judicial documents." *In re New York Times*, 799 F. App'x 62, 65 (2d Cir. 2020) (unpublished) (citing *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019)). "In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order[s] [are] narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 47 (internal quotation marks omitted). Records relating to prosecutorial misconduct "carry a strong presumption of public access." *Gannett Media Corp. v. United States*, No. 22-2160, 2022 WL 17818626, at *3 (2d Cir. Dec. 20, 2022) (unpublished) (citing *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 838–39 (1978)); *Landmark Commc'ns, Inc.*, 435 U.S. at 838–39 (("The press does not simply publish information about trials but guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism." (internal quotation marks and citation omitted)).

### III.     APPLICATION

**A.     The Court should grant the government's motions to disclose potential Rule 6(e) material to the defendants**

First, the Court should grant the government's Rule 6(e) disclosure motion.  The discovery process and the district court's prior disclosure directives in 1:19-CR-227 have lessened the Grand Jury's continued secrecy interests in the material the government seeks to disclose.  *See Silver*, 103 F. Supp. 3d at 381 (recognizing that the Grand Jury's interest in maintaining its secrecy is "reduced, but not eliminated" where its investigation has concluded).  Specifically, through discovery, all the defendants have access to the private investigator's recording, including his name, and the demonstrative exhibits regarding the affidavits.  Moreover, through the disqualification litigation and resulting sanctions litigation in 1:19-CR-227, Mr. Gerace already has access to summaries of witness grand jury testimony.  *See, e.g.*, Ex. C, at 18–19; Ex. D, at 33–34.  Accordingly, as to this specific material, the Grand Jury's secrecy interests have diminished.

The same cannot be said for the government's interest in being allowed to disclose these Grand Jury materials.  To effectively rebut Mr. Gerace's prosecutorial misconduct allegations, his motion to dismiss, and his motion to suppress, the government must explain why the subpoenaing of the private investigator was proper; why the Grand Jury's need for the private investigator's fact-work product was substantial; and why the crime-fraud exception to any unwaived privilege was satisfied.  *See In re United States for Material Arrest Warrant*, 436 F. Supp. 3d at 769–70 (discussing the balancing test); *see also United States v. Regan*, 706 F. Supp. 1102, 1118–19 (S.D.N.Y. 1989) (noting that some courts have concluded that Rule 6(e) does not "prohibit the government's limited disclosure in open court and without prior authorization of

information regarding an ongoing grand jury investigation for the purpose of explaining its

reasons for making certain motions"). To effectively argue these points, the government must

discuss material before the Grand Jury, including by summarizing witness testimony with which

Mr. Gerace is already familiar and referencing evidence already produced in discovery. For

these reasons, the government's disclosure motion should be granted.

**B.    The Court should grant the government leave to file an unredacted version of its response brief under seal and a redacted version on the public docket.**

Parallel to granting the government's motion to file an unredacted version of its response

brief under seal, and thereby disclose Rule 6(e) material to the parties, the Court should grant

the government leave to file a redacted version of its response brief on the public docket. To

that end, the Court should consider whether the government's proposed redactions overcome,

with sufficient specificity and basis, the public's constitutional interest in accessing complete

court filings. *See Gannett Media Corp.*, 2022 WL 17818626, at *2.

As to witness names and addresses the government has demonstrated that such

redactions overcome the public's constitutional interest in accessing complete court filings. *See*

First Am. Protective Order, at 2; *Brown*, 929 F.3d at 50 (recognizing that "privacy interests"

may "outweigh[ ] a limited right of public access"). Likewise, references to search warrant

affidavits should be redacted, as public disclosure of such material could allow unwarranted

insight into the government's investigation of criminal enterprises that are relevant to unindicted

co-conspirators. In that same vein, search warrant materials related to Mr. Hinkle have been

shared pursuant to an attorney eyes only protective order that public disclosure would defeat.

*See* Text Order, ECF No. 542, (dated Aug. 8, 2025) (granting Mr. Hinkle's motion to seal his

dispositive motion, which "appear[ed] to contain appropriate redactions of search warrant

information consistent with the protective order filed in the case"); Suppl. Protective Order, ECF No. 349, (dated Feb. 4, 2025).

The remaining material designated as sealable is broadly derived from: (1) sealed documents or proceedings connected to 1:19-CR-227; (2) Grand Jury-related litigation; and (3) evidence—namely, the recordings and demonstrative exhibits—previously discussed under seal in 1:19-CR-227, that has since been produced in discovery. As to the first two categories of information, the government notes that Mr. Gerace has placed such materials at issue through his allegations of prosecutorial misconduct, an allegation that triggers a "strong presumption of public access" to related court filings. *Gannett Media Corp.*, 2022 WL 17818626, at *3. Likewise, the evidence at issue here, which is equally related to Mr. Gerace's prosecutorial misconduct allegations, has already been disclosed in discovery. Given these circumstances, the government defers to the Court as to whether the continued sealing of these materials in *this* litigation satisfies the Second Circuit's sealing framework.

## IV.    CONCLUSION

For the reasons stated above, the government respectfully requests that the Court grant it: (1) permission to disclose potential Rule 6(e) material; and (2) leave to file a redacted response brief on the public docket.

DATED:  Buffalo, New York, September 11, 2025.

MICHAEL DIGIACOMO
United States Attorney

11

BY:    s/ CASEY L. CHALBECK
         Assistant United States Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         (716) 843-5881
         Casey.Chalbeck@usdoj.gov