

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*100 State Street*  *716/843-5700*
*Rochester, New York   14614*  *fax 716/551-3052*
*Writer's Telephone:   585/935-7512*
*Nicholas.Cooper@usdoj.gov*

September 15, 2025

**VIA PACER**
Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

      Re:   ***United States of America v. Gogolack*, et al.,**
               **Case Number: 23-CR-99-EAW**

Dear Chief Judge Wolford:

      On July 24, 2025, defendant Gerace filed his Motion to Produce and Review Probation Files. *See* Gerace Mot. to Prod., ECF No. 507 (dated July 24, 2025). On July 28, 2025, defendant Knight filed his Motion to Produce and Review Probation Files. *See* Knight Mot. to Prod., ECF No. 517 (dated July 28, 2025). The government responded on August 18, 2025. *See* Gov. Letter in Resp., ECF No. 559 (dated August 18, 2025). In its response letter, the government deferred to the Court "as to the disclosure of exculpatory information that may be contained in Ms. Quinn's Probation file"; identified statutory authority from the Crime Victims' Rights Act "that may cabin the extent of any disclosure"; and opposed "as premature the disclosure of any impeachment material relating to Ms. Quinn. *Id.* at 1.

      On August 22, 2025, the Court emailed the parties directing them to provide supplemental submissions by September 15, 2025 to develop the record from a factual and legal perspective. *See* Text Order, ECF No. 580 (dated August 25, 2025).

      In its communication, the Court requested, in sum, that the parties address:

1. What records related to Ms. Quinn's dealings with Probation have already been produced by the government in discovery, including the Pretrial Services Report and communications between the government and Probation about Ms. Quinn; and

2. Whether there is any case law directly on point on the issue of whether Probation records of a victim should be produced by a court under these circumstances, or where a similar issue was addressed.

A. <u>Material Related to Crystal Quinn vis-à-vis U.S. Probation Produced by the Government in Discovery</u>

The Court indicated that, in its *in camera* review of the Probation file, it had identified relevant information including: ███████████████████████████████████████████████████████████████████████ The Court sought a better understanding of which of these records, if any, had already been produced by the government to defense counsel as part of discovery.

In response to this request, the government has reviewed its discovery productions and determined that it has produced the following material and/or information that falls within the above-referenced categories of records:

1. FBI 302 entitled "Proffer Interview of Crystal Quinn on March 7, 2023" (produced at Bates Range: GOV-00037077 to GOV-00037082).
    a. Page 5 of this report states ███████████████████████████████████████████████████████████████████

2. FBI 302 entitled "Proffer Interview of Crystal Quinn on February 27, 2023" (produced at Bates Range: GOV-00037060 to GOV-00037065).
    a. Page 5 of this report states ███████████████████████████████████████████
    b. Page 6 of this report states ███████████████████████████

3. Erie Crime Analysis Center – Person of Interest Report on Crystal Quinn (produced at Bates Range: GOV-00037092 to GOV-00037173).
    a. Pages 2 through 6 of this report list a summary of all identified police reports involving Crystal Quinn ████████████████████████████████████████████████████████
    b. Pages 7 to 8 of this report list a summary of Crystal Quinn's "BPD Rap Sheet" ████████████████████████
    c. Pages 9 through 63 of this report consist of approximately 32 separate police reports related to Ms. Quinn.
        - Page 26 of this report (Bates No. GOV-00037117) documents ███████████████████████████████████████

    d. Pages 64 through 73 of this report consist of Quinn's Criminal History report, detailing 

4. FBI 302 entitled "Arrest of Crystal Quinn on February 7, 2023" (produced at Bates Range: GOV-00037178 to GOV-00037179).
    a. This report documents that, during her arrest on February 7, 2023,

5. FBI 302 entitled "Events of 2_7_2023 at residence of Crystal Quinn" (produced at Bates Range: GOV-00037182 to GOV-00037183).
    a. This report documents that, during her arrest, 

6. FBI 302 entitled "Interview of Crystal Quinn on June 9, 2023" (produced at Bates Range: GOV-00037204 to GOV-00037205).
    a. This report documents an interview of Ms. Quinn where she disclosed information about an incident 

7. ECSO Complaint Report (produced at Bates No.: GOV-00037208).
    a. ECSO Complaint Report documenting 

8. Crystal Quinn Pretrial Diversion Agreement, Crystal Quinn Criminal Complaint (23-mj-11), and Crystal Quinn Cooperation Agreement (produced at Bates Range: GOV-00037210 to GOV-00037309).

9. ▮▮▮▮▮▮▮▮▮▮▮▮ Crystal Quinn on March 9, 2023 (produced at Bates Range: GOV-00037352 to GOV-00037419).
   a. ▮
   b. ▮
   c. ▮
   d. ▮
   e. ▮
   f. ▮
   g. ▮
   h. ▮

10. S▮▮▮ Q▮▮▮ "Draft Affidavit" generated by Gerace Investigator (produced at Bates Range: GOV-00031423 to GOV-00031425).
    a. Page 1 stating ▮
    b. Page 2 stating ▮
    c. Page 3 stating ▮

11. J█ G█ "Draft Affidavit" generated by Gerace Investigator (produced at Bates Range: GOV-00031415 to GOV-00031416).
    a. Page 1 stating █
    b. Page 2 stating █

12. Gerace Investigator Recording of S█ Q█ and J█ G█ (produced at Bates No. GOV-00031418). The below summaries only reference portions of the recording that address Ms. Quinn's drug use or mental health, and are intended as summaries and not direct quotes.
    a. 57:48 – █
    b. 1:10:20 – █
    c. 1:10:50 – █
    d. 1:25:00 – █
    e. 1:27:00 – █
    f. 1:34:00 – █
    g. 1:43:43 – █

13. Email Correspondence between Assistant United States Attorney ("AUSA") Joseph M. Tripi, USPO Lillian Cullen, and Ms. Quinn's Attorney, Mike D'Amico (19-page PDF produced to counsel for all defendants).
    a. In summary, the emails stretch from July 25, 2023 to August 18, 2023, and detail that ███████████████████████████████████████

B. <u>Crystal Quinn's Pre-Trial Services Report</u>

In its email, the Court specifically asked whether the government had the Pretrial Services Report relating to Ms. Quinn and whether it had produced it as part of discovery. The government's above-described review of its discovery productions did not reveal that it had turned over a Pretrial Services Report for Ms. Quinn in discovery. In an effort to determine why that was, on today's date, the government reviewed its electronic case file pertaining to the Criminal Complaint filed against Ms. Quinn (Case No. 23-mj-11). In the file was an incomplete draft of aPretrial Services Report for Ms. Quinn which contained only her criminal history. The report was dated February 8, 2023 and was authored by USPO Andre McCray. That draft Pretrial Services Report was <u>not</u> produced by the government in discovery.

In an effort to determine if the government had a complete version of the Pretrial Services Report for Ms. Quinn, AUSA Tripi conducted a search of his Outlook inbox for any emails relating to the report. Nothing responsive was located. Thereafter, also on today's date, AUSA Tripi conducted a search of his archived emails using USPO Andre McCray's name as a search term. As a result of that search, AUSA Tripi located an email from "Julie Dennee", a USPO Support Specialist, to AUSA Tripi and copying USPO McCray. The email from Ms. Dennee had, as an attachment, a full Pretrial Services Report for Ms. Quinn. The report was dated February 13, 2025. It was <u>not</u> produced by the government in discovery.

Nevertheless, the government agrees that copies of the February 8, 2023 draft Pretrial Services Report and February 13, 2023 complete Pretrial Services Report should be disclosed to the defense. However, noting the restriction on dissemination set forth on the top of the report, the government seeks authorization from the Court pursuant to Title 18, United States Code, Section 3153(c)(1), to disclose these documents to the defense. The government concedes that there is information in the complete version of Ms. Quinn's Pretrial Services Report rt that is relevant to the pending matter and the defendants' potential defenses.[1]

---

[1] On July 25, 2025, AUSA Tripi stated to the Court, in part, that the government had no objection to the Court reviewing the US Probation files related to Ms. Quinn and disclosing material relevant to the defense as long as the government also received a copy. *See* Tr. of Proceedings, at 32:6-25 (dated: Jul. 31, 2025). The government stands by those words and agrees that this Pre-trial Services Report should be disclosed. However, when making that statement on July 25, 2025, AUSA Tripi did not realize that the Pretrial Services Report for Ms. Quinn existed in his archived emails.

In terms of the relevant timeline, on September 15, 2025, AUSA Tripi determined that he had been on family leave for the birth of a child from January 19, 2023, until February 17, 2023. On February 8, 2023, which

6

C.  Authorities Relevant to the Disclosure of Ms. Quinn's Probation File

The government has identified the following cases as potentially relevant to the Court's analysis of whether to turn over Ms. Quinn's U.S. Probation File:

1. FED. R. CRIM. P. 17(c)(3) ("After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object."); Adv. Comm. Notes to FED. R. CRIM. P. 17 ("This amendment implements the Crime Victims' Rights Act, codified at 18 U.S.C. § 3771(a)(8)"); *United States v. Crutchfield*, No. 514CR00051DLJPSG, 2014 WL 2569058, at *1 (N.D. Cal. June 6, 2014) (noting that the Crime Victims' Rights Act ("CVRA") "prompted the adoption of Rule 17(c)(3)"); *United States v. Glenn*, 341 F.R.D. 217, 220 (N.D. Ohio 2022) (noting that under the CVRA, the party seeking a Rule 17 subpoena must provide notice to the deceased victim's representative before the subpoena is issued (citing *United States v. Llanez-Garcia*, 735 F.3d 483, 498 (6th Cir. 2013)); *see generally United States v. Cottom*, 688 F. Supp. 3d 65, 68–69 (W.D.N.Y. 2023) (Wolford, C.J.) (denying a *post-trial* Rule 17(c) subpoena for USPO files); *United States v. Janbakhsh*, No. 3:22-CR-00340-1, 2025 WL 1839948, at *6 (M.D. Tenn. July 3, 2025) (applying the *Nixon* test when considering a Rule 17 subpoena for USPO files), on reconsideration in part, No. 3:22-CR-00340-1, 2025 WL 1908434 (M.D. Tenn. July 10, 2025); *United States v. Padilla*, No. CR 09-3598 JB, 2011 WL 1103872, at *3 (D.N.M. Mar. 14, 2011) (same);

2. *United States v. Frizzell*, No. 2:22-CR-148, 2023 WL 4033292, at *1 (D. Vt. June 15, 2023) (reviewing *in camera* a victim's personnel file from the U.S. Postal Service for "any discoverable material, including instances of harassing, aggressive, or unprofessional conduct by the victim, which may bear relevance to the instant indictment");

3. *United States v. Pena*, 227 F.3d 23 (2d Cir. 2000) (Sotomayor, J.) (holding that the same standards and procedures set forth in *United States v. Moore*, 949 F.2d 68 (2d Cir. 1991) regarding the disclosure of presentence reports to third parties applies to the disclosure of pretrial services reports); *id.* at 28 ("[W]hen a defendant requests that the government disclose pretrial services materials pursuant to its discovery obligations to

---

was the date that USPO transmitted the incomplete Pretrial Services Report, AUSA Tripi came in to handle Ms. Quinn's initial appearance and then resumed his family leave. *See* Case No. 23-mj-11, Minute Entry (dated Feb. 8, 2023). During the February 8, 2023 initial appearance, the government did not oppose Ms. Quinn's release on conditions. *Id.* Accordingly, by the time the completed February 13, 2023, Pretrial Services Report was emailed to AUSA Tripi, matters pertaining to Ms. Quinn's pre-trial detention or release had been decided and the report was no longer immediately relevant to the government's case against Ms. Quinn. The final, complete Pretrial Services Report for Ms. Quinn never made its way into the government's electronic file for the Quinn Complaint and was not produced in discovery in this case.

provide defense counsel with exculpatory and impeachment information in its possession, district judges should review those materials *in camera* and determine whether they contain such information. If so, and if there is a compelling need for its disclosure, the district court should, to the extent possible, turn over only that portion of the document containing such information.");[2] and

4. *United States v. Molina*, 356 F.3d 269, 274 (2d Cir. 2004) ("With respect to third party disclosures, we have approved a procedure by which the . . . court examines requested presentence reports in camera for exculpatory or impeachment material that might aid the defendant requesting it.  The court then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice.").

        Respectfully,

*Nicholas T. Cooper*
Nicholas T. Cooper
Assistant United States Attorney

CC: Counsel of record.

---

[2] Neither *Moore* nor its progeny indicates whether the defendants used Rule 17 subpoenas when seeking Probation files.  Accordingly, it is unclear whether, if at all, the Rule 17(c)(3) notice requirements apply when the defendant seeks a victim's Probation file.  That said, the CVRA instructs that, "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)," which includes the right to be treated with "fairness and respect for the victim's dignity and privacy."  18 U.S.C. §§ 3771(b)(1), (a).