IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                   23-CR-99-EAW

SIMON GOGOLACK, et al.,

            Defendants.

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT PETER GERACE, JR.'S MOTION FOR DISCLOSURE

On October 26, 2025, defendant Peter Gerace, Jr., moved for the disclosure of sealed and *ex parte* filings between the government and the Magistrate Court concerning the potential disclosure of grand jury materials. *See* Mot. Disclosure, Dkt. 651, (dated Oct. 26, 2025) (hereinafter the "Disclosure Motion"). Specifically, Mr. Gerace seeks the disclosure of the unredacted versions of the following documents:

1. The Magistrate Court's Order to Show Cause (Dkt. 605);

2. The government's response to the Magistrate Court's Order to Show Cause (Dkt. 612);

3. The Magistrate Court's Decision and Order disclosing Grand Jury materials dated October 16, 2025 (Dkt. 643);

4. The Magistrate Court's Decision and Order disclosing Grand Jury materials dated October 22, 2025 (Dkt. 647); and

5. The government's Motion to Stay the Magistrate Court's decisions (Dkt. 651).

Following receipt of Mr. Gerace's motion, the Court disclosed minimally redacted versions of the Magistrate Court's Order to Show Cause and Decisions and Orders disclosing

grand jury materials. *See* Minute Entry, Dkt. 657, (dated Oct. 30, 2025); Sealed Doc., Dkt. 666 (Nov. 7, 2025) (indicating that a redacted version of the Order to Show Cause was produced to defense counsel on November 7, 2025); Sealed Doc., Dkt. 667, (dated Nov. 7, 2025) (indicating that a redacted version of Dkt. 643 was provided to defense on November 7, 2025); Sealed Doc., Dkt. 668, (dated Nov. 7, 2025) (indicating that a redacted version of Dkt. 647 was provided to defense counsel on November 7, 2025).

Based on the parties' discussions during the November 13, 2025, status conference, the government believes that the Court's disclosure of minimally redacted versions of the above-referenced orders mooted Mr. Gerace's motion as to those documents. *See generally* Minute Entry, Dkt. 672, (dated Nov. 13, 2025).

On November 26, 2025, the government provided the following to counsel:

1. A redacted version of its response to the Magistrate Court's Order to Show Cause (Dkt. 612); and

2. An unredacted version of its Motion to Stay the Magistrate Court's Disclosure Orders (Dkt. 646).

On December 4, 2025, the undersigned conferred with counsel for Mr. Gerace. Consistent with those discussions, the government is submitting a revised redacted version of its response to the Order to Show Cause. *See* Sealed Exhibit A.[1] This revised redacted brief corrects certain inadvertent redactions and leaves unredacted certain material that, though not quoted by the Magistrate Court in either of its two disclosure orders, may be germane to

---

[1] The government asks that this exhibit be accepted under seal because it contains grand jury information that has not yet been made public.

the ongoing litigation. An unredacted copy highlighting the redacted portions (Exhibit B) will be provided *ex parte* to the Court via USAFx.[2]

The table below identifies each redaction in the revised redacted response brief, and explains the basis for redaction:

| Redaction Table | | |
|---|---|---|
| **No.** | **Page No(s).** | **Explanation** |
| 1. | Top of Page 22 | This material was not quoted by the Magistrate Court in any of its orders nor does it relate to a basis identified by the Magistrate Court for disclosure. |
| 2. | Bottom of Page 22 through top of Page 23 | This material was not quoted by the Magistrate Court in any of its orders nor does it relate to a basis identified by the Magistrate Court for disclosure. |
| 3. | Bottom of Page 24 | The unredacted sentence was partially quoted and otherwise alluded to by the Magistrate Court. The remaining material was neither quoted nor alluded to by the Magistrate Court. |
| 4. | Top of Page 31 | This clause refers to material that was neither quoted nor alluded to by the Magistrate Court. |
| 5. | Page 46 | This clause refers to material that was neither quoted nor alluded to by the Magistrate Court. |

The government opposes the release of completely unredacted versions of its response to the Order to Show Cause because the response contains excerpts of still-secret grand jury material that were neither relied upon nor alluded to by the Magistrate Court in either of its disclosure orders. For that reason, the disclosure of the material would not contribute to the adversarial process initiated by the government's objections to the Magistrate Court's disclosure orders. *See* Gov. Sealed, Unredacted Objs., Dkt. 698, (docketed Dec. 3, 2025); *see* Discl. Mot., at 23 (arguing that disclosure is necessary for defense counsel to engage in the adversarial process). In other words, because the redacted material falls outside the ambit of

---

[2] On December 5th, the undersigned attempted to contact counsel for Mr. Gerace telephonically and via email to continue discussions concerning a joint advisory acknowledging the mootness of Mr. Gerace's motion, but was unsuccessful.

the objections, the adversarial process surrounding those objections does not concern it. For that reason, disclosure based on the adversarial process is unmerited.

Mr. Gerace also seeks disclosure under the so-called *Craig* factors. *See* Discl. Mot., at 29–34. But *Craig* has no application where a case's circumstances do not call for a departure from Rule 6(e)'s express terms. *In re Petition of Craig* concerned the application of the judicially invented "special circumstances" exception to Rule 6(e) and, specifically, whether the district court abused its discretion in denying a doctoral candidate's motion for the disclosure of a 1948 grand jury transcript. 131 F.3d 99, 100 (2d Cir. 1997); *see In re Biaggi*, 478 F.2d 489, 494 (2d Cir. 1973) (Supp. Op.) (announcing without explanation the "special circumstances" exception to the Federal Rules); *but see Carlisle v. United States*, 517 U.S. 416, 426 (1996) (noting that courts do not have "the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure"). Within that context, and to further develop its "special circumstances" test, the Second Circuit announced nine factors to guide district courts confronted with unique and peculiar disclosure requests concerning grand jury material of "historical interest" that may fall "outside of Rule 6(e)." *See Craig*, 131 F.3d at 105–06.

*Craig* has no application here for two reasons. First, unlike *Craig*, this case is actively unfolding and is not an object of historical interest. Second, and related to the above, because this litigation and the adversarial process it has engendered concern whether disclosure is warranted to facilitate the defendants' bid to dismiss the indictment, Rule 6(e) supplies the applicable framework for disclosure. *See* FED. R. CRIM. P. 6(e)(3)(E)(ii) (providing a basis to disclose grand jury material where there is a basis to dismiss the indictment). Within that framework, the Magistrate Court identified the portions of the grand jury transcript that it

4

believed required disclosure.[3] *See* Dkts. 643, 647. *Craig*, by contrast, dealt with disclosure requests that fell outside the four-corners of Rule 6(e). *See Craig*, 131 F.3d at 104–05. Thus, because (1) Rule 6(e) serves as the touchstone of the objections litigation and (2) the redacted secret grand jury material quoted in the response brief is, in the government's estimation, unrelated to the objected-to disclosure orders, the *Craig* factors are entirely inapposite.

For these reasons, the government respectfully requests that the Court deny Mr. Gerace's Disclosure Motion as moot as to the disclosure of (1) the Magistrate Court's Order to Show Cause (Dkt. 605); (2) the Magistrate Court's Decision and Order disclosing Grand Jury materials dated October 16, 2025 (Dkt. 643); (3) the Magistrate Court's Decision and Order disclosing Grand Jury materials dated October 22, 2025 (Dkt. 647); and (4) the government's Motion to Stay the Magistrate Court's decisions (Dkt. 651). Furthermore, the government respectfully requests that the Court deny Mr. Gerace's Disclosure Motion as to the government's response to the Magistrate Court's Order to Show Cause (Dkt. 612) for the reasons stated herein.

DATED: Buffalo, New York, December 5, 2025.

                    Michael DiGiacomo
                    United States Attorney

BY:   s/ CASEY L. CHALBECK
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5881
       Casey.Chalbeck@usdoj.gov

---

[3] Nevertheless, mindful of the liberal parameters within which the adversarial process unfolds, the government has unredacted more content than that expressly relied upon by the Magistrate Court in its disclosure orders.

6