IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -v-

PETER GERACE, JR.

                    Defendants.
_____

## DEFENDANT GERACE'S RESPONSE TO THE GOVERNMENT'S APPEAL OF THE MAGISTRATE JUDGE'S DECISION AND ORDER TO RELEASE GRAND JURY TRANSCRIPTS

Case No.: 23-CR-99

Dated: December 16, 2025

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION -------------------------------------------------------------------------- 3

II. BACKGROUND --------------------------------------------------------------------------- 4

  A. PROCEDURAL HISTORY REGARDING GRAND JURY DISCLOSURE ----------------------------- 4

    *1. Gerace's non-dispositive motion seeking release of grand jury transcripts* ------------------ 4

    *2. Magistrate Judge McCarthy's In Camera Review of Grand Jury Transcripts and Subsequent Litigation* -------------------------------------------------------------------------- 5

    *3. Magistrate Judge McCarthy's Decision Ordering the Release of Material Pertaining to Whether the Grand Jury was Properly Instructed About the Law* ---------------------------- 7

III. APPLICABLE LAW --------------------------------------------------------------------- 9

  A. STANDARD OF REVIEW ----------------------------------------------------------------------- 9

  B. FEDERAL RULE OF CRIMINAL PROCEDURE 6(E)(3)(E) ---------------------------------------10

    *1. Rule 6(e)(3)(E)(i) Provides Judicial Discretion for Disclosure* -------------------------------11

    *2. Rule 6(e)(3)(E)(ii) Authorizes Disclosure Where a Ground May Exist to Dismiss the Indictment* ------------------------------------------------------------------------------------12

  C. PRECEDENT GOVERNING RELEASE OF GRAND JURY INSTRUCTIONS: *SMITH* & *FISHER* ------13

    *1. United States v. Fisher* ---------------------------------------------------------------------14

    *2. United States v. Smith* ---------------------------------------------------------------------17

IV. DISCUSSION ---------------------------------------------------------------------------19

  A. THE LEGAL STANDARD WEIGHS HEAVILY AGAINST THE GOVERNMENT'S APPEAL--------19

  B. THE GOVERNMENT FAILS TO ADEQUATELY ADDRESS THE COURT'S AUTHORITY UNDER RULE 6(E)(3)(E)(I) ---------------------------------------------------------------------------20

  C. UNDERPINNING THE MAGISTRATE JUDGE'S DECISION IS A CONCERN THAT THE GRAND JURY MAY HAVE ACTED AS A RUBBER STAMP FOR THE PROSECUTOR----------------------------24

  D. THE GOVERNMENT'S ARGUMENTS REGARDING THE MERTIS OF A POTENTIAL MOTION TO DISMISS-------------------------------------------------------------------------------------26

  E. THE GRAND JURY MINUTES AT ISSUE ARE RELEVANT TO OTHER MOTIONS TO DISMISS --26

V. CONCLUSION ----------------------------------------------------------------------------28

# I. INTRODUCTION

There are multiple motions pending before this Court related to the validity of the Second Superseding Indictment (Dkt. 24) and the veracity of the underlying grand jury presentation. *See e.g.* (Dkt. 410-1). The issue addressed here relates to one specific issue which potentially impacts all other pending motions to dismiss: the disclosure of grand jury minutes relating to the instructions given to the grand jury.

This issue arose after the Magistrate Judge conducted independent *in camera* review of the grand jury minutes. Magistrate Judge McCarthy observed an issue that could be the basis for an additional motion to dismiss regarding the instructions to the grand jury. Accordingly, Magistrate Judge McCarthy appropriately issued a Decision and Order directing disclosure of grand jury minutes related to the manner in which the grand jury was instructed. (Dkt. 643 [sealed]; Dkt. 664 [redacted]).

The government has filed objections to the Magistrate Judge McCarthy's non-dispositive decision and order (Dkt. 697). The government is seeking to prevent disclosure of grand jury minutes which would permit the defense to fully brief and litigate a motion to dismiss on its merits.

Defendant Gerace submits this response in opposition to the government's objections/appeal. The defense respectfully urges this Court to affirm the decision of Magistrate Judge McCarthy; allow the grand jury instructions to be released to the

defense; and to allow the prior grand jury related filings cited in the Magistrate Judge's Decision to be made part of the public record and accessible on the docket.

## II. BACKGROUND

### A.  PROCEDURAL HISTORY REGARDING GRAND JURY DISCLOSURE

#### 1. Gerace's non-dispositive motion seeking release of grand jury transcripts

Defendant Gerace filed non-dispositive motions in a joint submission with co-defendants Ermin and Hinkle on April 16, 2025. (Dkt. 410). Among other things, Gerace alleged there was a basis to move to dismiss the indictment based on prosecutorial misconduct in the grand jury. The defense moved for disclosure of grand jury materials pursuant to Federal Rules of Criminal Procedure, Rule 6(e)(3)(E)(ii). (Dkt. 410-1 at 67).

The motions were argued before Magistrate Judge McCarthy on May 21, 2025. (Dkt. 438). After hearing argument, Judge McCarthy reserved on disclosure of grand jury minutes to defense counsel but found a particularized need for *in camera* review. Accordingly, Judge McCarthy ordered the government to submit the grand jury transcripts to chambers.[1]

---

[1] The government did not request a stay at that time. Rather, it indicated the records were "voluminous," but it would attempt to "have them at least consolidated and ready by early next week to make sure we have everything to get it out the door by the end of next week." (Dkt. 438 at 154).

Rather than produce the consolidated records, one week later, the government filed a Motion to Rescind the Referral Order (Dkt. 435) and a Motion for a Stay of the Judge McCarthy's Order Directing the Government to Disclose Grand Jury Minutes for In Camera Inspection. (Dkt. 436). The government subsequently appealed the Order. (Dkt. 443).

The defense filed a response to the government's appeal. (Dkt. 479). The government replied. (Dkt. 488). After the case had been administratively transferred from Hon. Lawrence J. Vilardo, Hon. Elizabeth A. Wolford denied the appeal on July 31, 2025 (Dkt. 522).

2. Magistrate Judge McCarthy's *In Camera* Review of Grand Jury Transcripts and Subsequent Litigation

On July 31, 2025, the government filed a letter motion seeking to "clarify" which grand jury materials should be provided to Magistrate Judge McCarthy. (Dkt. 526).

On August 8, 2025, Judge McCarthy responded to the letter and ordered the government to produce "the entire grand jury proceedings, including any statements made to the grand jurors by the government attorneys." (Dkt. 544 at 3-4).

Thereafter, the government complied with Judge McCarthy's order to produce the material for *in camera* inspection.

Following his review of the grand jury transcripts, on September 15, 2025, Judge McCarthy issued an Order to Show Cause. (Dkt. 605 [sealed]; 663 [redacted]).

The Order to Show Cause directed the government to show cause on or before September 22, 2025, why an unredacted version of the Order to Show Cause, together with specified grand jury materials should not be provided to defendants and publicly disclosed. (Dkt. 663 at 1). Specifically, the Order to Show Cause addressed pages 3, 16-18 and 27 of the August 23, 2023, Grand Jury Transcript and pages 2-50 or the January 5, 2024 Grand Jury Transcript. (Dkt. 663 at 6).

The following day, the government filed a motion for an extension of time to respond to the Order to Show Cause. (Dkt. 609). In a footnote, the government appeared to indirectly criticize Judge McCarthy, claiming he was inconsistent in his approach to addressing this issue: "The Court had previously advised that if it were to order the disclosure of Grand Jury material, it would issue its order under seal and afford the government an opportunity to appeal. Through its Order to Show Cause, the Court appears to have altered the protocol it initially outlined for the parties."[2] (Dkt. 609 at 1, n1).

Judge McCarthy granted the request for an extension but noted that despite the government's comment in the footnote, the Order to Show Cause was consistent with the procedural steps he outlined previously. (*Text Order*, Dkt. 613 ("My August 8, 2025 Order

---

[2] The irony of the government needlessly suggesting that Judge McCarthy was inconsistent is that the procedure Judge McCarthy was pursuing was more favorable to the government: it provided them with an opportunity to be heard prior to the issuance of the order, and the government would still have the ability to appeal prior to public disclosure.

stated that 'no disclosure of these materials will be made to defendants or their attorneys without further order, after first giving the government an opportunity to be heard'. 544 at 4. That is why I gave the government an opportunity to show cause why the materials should not be released.").

Upon information and belief, the government filed an *ex parte* response to the Order to Show Cause on September 29, 2025, (undocketed). The following day, the government filed Notice of Ex Parte Filing and a motion requesting the submission be "accepted under seal and retained ex parte." (Dkt. 637).

### 3. Magistrate Judge McCarthy's Decision Ordering the Release of Material Pertaining to Whether the Grand Jury was Properly Instructed About the Law

On October 16, 2025, Magistrate Judge McCarthy issued a sealed Decision and Order (Dkt. 643) which was initially inaccessible to defense counsel or the public.[3]

The government filed an *ex parte* motion to stay the Decision and Order on October 16, 2025, pending an appeal by the government. (Dkt. 646 [sealed]). The following day, the government again filed Notice of *Ex Parte* Filing and a motion requesting the motion to stay be "accepted under seal and retained *ex parte*." (Dkt. 644).

The government asserted its "response [sic] concerns secret Grand Jury material" and it cited *In re John Doe Corp*, 675 F2d 482, 490 (2d Cir. 1982) for the position that an "*in*

---

[3] Judge McCarthy also issued another sealed Decision and Order on October 22, 2025 (Dkt. 647). This Decision and Order related to an issue previously raised by co-defendant Frank Knight. (Dkt. 647 [sealed]; 665 [redacted]).

*camera*, *ex parte* submission is appropriate where it is the only way to resolve an issue without compromising the need to preserve the secrecy of the grand jury." (Dkt. 644 at 1).

This Court issued a Text Order on October 20, 2025, granting the motion to stay and permitting the motion to be filed under seal. (Dkt. 645). This Court noted that it "intends to discuss the process for addressing the government's anticipated objections/appeal … at the status conference scheduled for 2:00 p.m. on October 30, 2025." (*Id.*)

At the status conference on October 30, this Court provided the government with its proposed redactions to Judge McCarthy's Decision and indicated that it was inclined to provide defense counsel with access to the redacted decision. The Court issued a deadline for the government to raise any objection to the Court's proposal to release copies of the decision to defense counsel with the proposed redactions. On the date of the deadline, the government advised that it would not object to the proposed redacted disclosure. (Dkt. 661).[4]

---

[4] Counsel for Gerace also moved for unredacted copies of other sealed and *ex parte* submissions, including the government's response to the Order to Show Cause and the motion for a Stay of Magistrate Judge McCarthy's Decision and Order. (Dkt. 651). The government provided redacted copies of those pleadings to defense counsel, but the defense still seeks unredacted copies of those submissions, and thus, the motion remains pending.

The government subsequently filed its objections to Magistrate Judge McCarthy's Decision and Order by email on November 26, 2025. (Dkt. 697 [redacted]). The defense hereby responds.

### III. APPLICABLE LAW

#### A. STANDARD OF REVIEW

When a party appeals a magistrate judge's ruling on a non-dispositive pretrial matter, the district court's review is subject to the "clearly erroneous" or "contrary to law" standard of review. *See* 28 U.S.C. § 636 ("A judge of the court may reconsider any pretrial matter… where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Crim. Pro. 59(a)("The district judge must… modify or set aside any part of the order that is contrary to law or clearly erroneous") *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F. 2d 522, 525 (2nd Cir. 1990)( "[t]he district court reviews [non-dispositive] orders under the 'clearly erroneous or contrary to law' standard.")

The "clearly erroneous" standard is highly deferential. The standard imposes a "heavy burden" on the objecting party. *United States v. Williams*, 339 F. Supp. 3d 129, 132–33 (W.D.N.Y. 2018). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (internal quotation and citation omitted).

Legal conclusions are reviewed under the "contrary to law" standard, which likewise does not permit reversal merely because the district judge generally disagrees with the magistrate's interpretation. The standard is met only where the magistrate's ruling "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78 (S.D.N.Y. 2002).

The Magistrate's determination regarding disclosure of portions of the grand jury minutes is non-dispositive, and thus it is subject to the foregoing standard. As the Second Circuit has recognized, magistrate judges are entrusted with broad discretion in resolving non-dispositive pretrial matters. *See e.g. Thomas E. Hoar*, 900 F.2d at 525.

## B. FEDERAL RULE OF CRIMINAL PROCEDURE 6(E)(3)(E)

Fed.R.Crim.Pro. 6(e)(3)(E) permits the Couret to authorize disclosure of grand jury materials "at a time, in a manner, and subject to any other conditions that it directs" in multiple circumstances including:

- "preliminary or in connection with a judicial proceeding" (Fed. R. Crim. Pro. 6(e)(3)(E)(i)); or

- "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury (Fed. R. Crim. Pro. 6(e)(3)(E)(ii)).

1. Rule 6(e)(3)(E)(i) Provides Judicial Discretion for Disclosure

While grand jury secrecy is a foundational principle, it is not absolute. *In re Biaggi*, 478 F.2d 489, 492 (2d Cir. 1973).

Rule 6(e)(3)(E)(i) provides broad discretion to the Court to consider disclosure "preliminary or in connection with a judicial proceeding."

The Second Circuit has noted that "[e]nsuring the regularity of the grand jury process is especially important because of the risks for abuse that inhere in proceedings over which trial and appellate courts rarely have insight." *United States v. Calk*, 87 F.4th 164, 186 (2d Cir. 2023).

The Supreme Court has emphasized that under Rule 6(e), secrecy must give way when disclosure of grand jury material "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979).

In *Dennis v. United States*, the Supreme Court made the following observations regarding the need for some degree of government oversight:

> A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. *See, e. g., United States v. Bufalino*, 285 F. 2d 408, 417-418 (C. A. 2d Cir. 1960). Under these circumstances, it is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. *In our adversary system for determining guilt or innocence, it is rarely justifiable for*

> *the prosecution to have exclusive access to a storehouse of relevant fact*… we cannot accept the view of the Court of Appeals that it is "safe to assume" no inconsistencies would have come to light if the grand jury testimony had been examined. There is no justification for relying upon "assumption."
>
> *Dennis v. United States*, 384 U.S. 855, 873–74 (1966) (emphasis added).

The Court went on to emphasize, in certain circumstances, it is not "realistic to assume that the trial court's judgment as to the utility of material for impeachment or *other legitimate purposes*, however [] conscientiously made, would exhaust the possibilities. In our adversary system, it is enough for judges to judge. *The determination of what may be useful to the defense can properly and effectively be made only by an advocate*." *Id*. at 874–75 (emphasis added).

## 2. Rule 6(e)(3)(E)(ii) Authorizes Disclosure Where a Ground *May* Exist to Dismiss the Indictment

Federal Rule of Criminal Procedure 6(e) provides that a court "*may* authorize disclosure of a grand-jury matter… at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii)(emphasis added).

The rule does not require a showing of dismissal-worthy error at the outset; rather, it permits disclosure when a defendant identifies a plausible basis to question the integrity of the grand jury process.[5]

Although motions for disclosure pursuant to Rule 6(e)(3)(E)(ii) are pending, the Decision and Order at issue pertains to Rule 6(e)(3)(E)(i), discussed above. (Dkt. 664 [redacted] ("'Rule 6 permits this court to direct the disclosure of grand jury minutes *sua sponte*'. *United States v. Urso*, 2006 WL 681204, \*4 (E.D.N.Y. 2006). *See* Rule 6(e)(3)(E)(i), authorizing release of grand jury materials 'preliminary to or in connection with a judicial proceeding'.")

C. Precedent governing release of grand jury instructions: *Smith* & *Fisher*

Magistrate Judge McCarthy cited two prior decisions in our district that address similar, but not the same, grand jury issues as are raised in this case. *United States v. Fisher*, 225 F.Supp. 3d 151, 169 (W.D.N.Y. 2016) ("[t]he grand jury . . . necessarily relies on the U.S. Attorney to provide it with evidence and legal instructions") and *United States v. Smith*, 105 F.Supp.3d 255, 261 (W.D.N.Y. 2015).

---

[5] The fact that Rule 6(e) only requires the defense to establish that there "may" be grounds for dismissal were emphasized by Magistrate Judge McCarthy when he initially determined that in camera review was appropriate.

Although, neither case is dispositive of the issues before the courts[6], both cases are reviewed below.

1. *United States v. Fisher*

Judge Arcara rejected a recommendation from Magistrate Judge Scott to dismiss the indictment without prejudice or, in the alternative, to strike the forfeiture notice. *United States v. Fisher*, 225 F.Supp.3d 151 (W.D.N.Y. 2016). Magistrate Judge Scott determined the indictment should be dismissed because the Assistant United States Attorney referenced defendant's ex-husband's criminal conduct and discussed whether defendant's home could be forfeited if she was convicted. *Id*. at 157-158.

The District Court detailed, in summary fashion, the testimony of an IRS agent, comments by the AUSA and responses to questions by the grand jurors. *Id.* at 157-160. Fisher's counsel moved to dismiss the indictment arguing that the "AUSA's conduct strongarmed the grand jury into indicting Fisher or listing her home as a forfeitable asset." In declining to adopt the Magistrate Judge's Report and Recommendation, the District Court relied heavily on the fact that "the AUSA's discussion of both Gregory and forfeiture *came largely in response to grand juror questions." Id*.

---

[6] *Fisher* and *Smith* do not adequately address whether the grand jury can be said to have acted independently when the text of certain statutes was not read to the grand jury; when a statute's language is misquoted; when the government fails to define necessary legal terms; and when the grand jury deliberates for such a short time that it could not have genuinely reviewed for itself the voluminous charges.

In finding none of the conduct Fisher pointed to impair the grand jury's "independence" and, thus, justified dismissal, the Court noted the government's obligation to instruct the grand jury on the applicable law:

> Relatedly, references to [the ex-husband] were also an example of the Government carrying out its obligation to "furnish [the grand jury] with controlling legal principles," *United States v. Ciambrone*, 601 F.2d 616, 622 (2d Cir. 1979)— that is, the difference between structuring and money laundering, and why the evidence supported one charge but not the other.

> *Id*. at 166.

The District Court reviewed the requirement that the grand jury act independently from the United States Attorney:

> [F]or an indictment to be recognized as actually issuing from a grand jury, it must be the product of an investigative deliberation that is independent of both the prosecuting attorney and the court." United  [*170]  States v. Leeper, No. 06-CR-58A, 2006 U.S. Dist. LEXIS 32147, 2006 WL 1455485, at *2 (W.D.N.Y. May 22, 2016) (quoting United States v. Sigma Int'l, Inc., 244 F.3d 841, 856 (11th Cir. 2001), rehearing en banc granted and opinion vacated by 287 F.3d 1325 (citations omitted and emphasis in original)). The Court assumes that, even after Williams, a court may dismiss an indictment for prosecutorial misconduct that impairs the grand jury's independence as a way of enforcing the Fifth Amendment's guarantee of an independent grand jury. See Sara S. Beale, et al., Grand Jury Law and Practice § 9.32 (2d ed. 2015) ("Supervisory power may be exercised if the prosecutor's conduct threatens the impartiality or independence of the grand jury's processes" because "supervisory power cases can be seen as simply enforcing the requirements of the grand jury clause, rather than as defining new nonconstitutional standards for prosecutorial conduct.")

> In assessing a claim that a prosecutor's conduct overcame the grand jury's independence, the court must carefully identify the alleged misconduct so that Court does not, in the guise of protecting the Fifth Amendment's guarantee of an independent grand jury, prescribe (rather than proscribe) prosecutorial conduct. *Cf. Williams*, 504 U.S. at 54-55. The Court is similarly mindful that "independence" must be viewed in light of the traditional relationship between the grand jury and the U.S. Attorney. The grand jury, as noted, necessarily relies on the U.S. Attorney to provide it with evidence and legal instructions. In other words, because the grand jury cannot meaningfully perform its duties without the assistance of the U.S. Attorney, a court facing a claim that a prosecutor impaired the grand jury's independence must carefully analyze whether the prosecutor's conduct went beyond the prosecutor's traditional role vis-à-vis the grand jury.
>
> Judged by that standard, the AUSA's references to Gregory Fisher did not overcome the grand jury's independence. To the contrary, as noted, references to Gregory came *largely in response* to grand jurors' questions about whether charges such as money laundering and conspiracy were appropriate. Thus, references to Gregory were, in fact, largely an *example of* the grand jury's independence.

> *Id*. at 169-70 (emphasis in original).

Fisher's lawyer had moved to unseal the entirety of the grand jury proceedings.

The District Court denied that motion:

> Fisher's motion is denied because Rule 6(e)(3)(E)(ii) does not require public disclosure of the entirety of grand jury proceedings. As its text makes clear, Rule 6(e)(3)(E)(ii)'s purpose is to allow a criminal defendant to seek dismissal of an indictment based on conduct that occurred before the grand jury. *Fisher, however, already has access to the grand jury transcripts in this case, and she has already moved to dismiss the superseding indictment based on those transcripts*, as well as the

> portions of the transcripts that Judge Scott disclosed. *Keeping the grand jury transcripts under seal did not, then, prevent Fisher from using them for exactly the purpose contemplated by Rule 6(e)(3)(E)(ii).* On these facts, Rule 6(e)(3)(E)(ii) does not require any additional disclosure. *See United States v. Sobotka*, 623 F.2d 764, 767 (2d Cir. 1980) (noting that Rule 6(e) lifts "the veil of secrecy," but that it does so "gingerly"). *Cf. United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958) (identifying cases in which "particularized need" justified "the secrecy of the [grand jury] proceedings [being] lifted discretely and limitedly") (emphasis added)."

> *Decision*, Case no. 15-cr-19-RJA, (Dkt. 188 at 3).

## 2. *United States v. Smith*

Hon. Elizabeth Wolford denied a defense motion to reconsider disclosing grand jury instructions that had been issued by United States District Court Judge William M. Skretny. Judge Wolford found that the defense failed to demonstrate a "particularized need" for inspection or *in camera* review.

The defense had filed an omnibus motion seeking dismissal of the indictment and production of the grand jury instructions. It argued that the "particularized need" requirement did not apply to a request for instructions, as opposed to grand jury testimony.

Judge Wolford held that a determination must be made that a particularized need for release of the grand jury instructions exists by showing the material "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy and that their request is structured to cover

only material so need" citing *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996)

(*quoting douglas Oil Co v. Petrol Stops*, 441 U.S. 211, 222 (1979) and *United States v. Hoey*,

2014 U.S. Dist. LEXIS 91093 at *7-8 (S.D.N.Y. July 2, 2014).

> As an initial matter, the Government is not required to provide a grand jury with legal instructions. *United States v. Lopez-Lopez*, 282 F.3d 1, 9 (1st Cir. 2002); *see also United States v. Donald*, No. 07-CR-6208L, 2009 U.S. Dist. LEXIS 12171, at *15 (W.D.N.Y. Feb. 4, 2009) (no requirement that federal grand jurors be instructed on the law), *adopted*, 2009 U.S. Dist. LEXIS 29418 (W.D.N.Y. Apr. 7, 2009); *United States v. McDarrah*, No. 05 Cr. 1182 (PAC), 2006 U.S. Dist. LEXIS 48269, at *26-27 (S.D.N.Y. July 17, 2006) ("under federal law, a prosecutor is not required to instruct the grand jury on the law."). However, "courts have found error where the government incompletely or erroneously provides legal instruction to the grand jury." *Hoey*, 2014 U.S. Dist. LEXIS 91093, at *8; *see also United States v. Peralta*, 763 F. Supp. 14, 19-21 (S.D.N.Y. 1991) (dismissing indictment where prosecutor's instructions to the grand jury on the issue of constructive possession were erroneous); *United* [*261] *States v. Kasper*, No. 10CR318S, 2011 U.S. Dist. LEXIS 152388, at *20 (W.D.N.Y. June 20, 2011) ("while the Government need not instruct the Grand Jury on the pertinent [**11] law, error may arise if the Government endeavors to instruct but does so incompletely or erroneously.").

> …

> Defendant does not contend that the Government engaged in misconduct in connection with the grand jury proceedings. Rather, Defendant maintains that because the statutes under which she is indicted do not specify the element of knowledge or intent, which is necessary to sustain a conspiracy charge at trial, the grand jury was entitled to be instructed on this fact. Defendant speculates that the grand jury was not instructed on the element of knowledge because the indictment does not

contain detailed factual allegations relating to Defendant's knowledge of the goal of the alleged conspiracy.

The absence of detailed allegations regarding Defendant's alleged knowledge of the conspiracy is insufficient to create a particularized need.

*United States v. Smith*, 105 F. Supp. 3d 255, 260-61 (W.D.N.Y. 2015)

# IV. DISCUSSION

## A. THE LEGAL STANDARD WEIGHS HEAVILY AGAINST THE GOVERNMENT'S APPEAL

As a threshold issue, Magistrate Judge McCarthy's decision was made pursuant to his authority to resolve non-dispositive pretrial matters under Rule 59(a) and 28 U.S.C. § 636(b)(1)(A). As such, the district court shall not reverse unless the Magistrate's ruling was "clearly erroneous or contrary to law."

This standard is "highly deferential." It permits reversal only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *see also Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (standard met only where magistrate "misapplies relevant statutes, case law, or rules of procedure").

Magistrate Judge McCarthy's decision is not clearly erroneous. He properly balanced the need for grand jury secrecy with the goal of ensuring a just result in the case – i.e. "one which ensures that the grand jury has fulfilled its constitutional obligation to

determine the question of probable cause independent of the government." *United States v. Williams*, 504 U.S. 36, 49 (1992).

The government did not dispute Magistrate Judge McCarthy's point that none of the traditional reasons for secrecy were at play here and as such the justification necessary to overcome those concerns was lessened.

Where, as here, the Magistrate Judge exercised an appropriate judicial discretion, the law supports the conclusion that his decision should be respected, particularly regarding this issue, which focuses on a limited disclosure of grand jury excerpts, so that defendants can have the issue properly briefed and litigated.

### B. THE GOVERNMENT FAILS TO ADEQUATELY ADDRESS THE COURT'S AUTHORITY UNDER RULE 6(E)(3)(E)(I)

The government generally fails to present any substantive argument that challenges the balancing test that Magistrate Judge McCarthy properly employed under 6(e)(3)(E)(i) based on an issue that he observed *sua sponte*.

Instead, the government almost entirely rests its argument on the position that the Court does not have authority under Rule 6(e)(3)(E)(i), and then quickly moves on to arguments related to subdivision (ii). *See* Govt Objections at pages 21-23 (arguments pertaining to subdivision (i)) compared to 23-40 (arguments pertaining to subdivision (ii)).

Even though Magistrate Judge McCarthy specifically noted in his Order that he was acting under the authority provided by Rule 6(e)(3)(E)(i), which "authoriz[es] release of grand jury materials 'preliminary to or in connection with a judicial proceeding'" (Dkt. 664 at 1), the government avoids presenting any real argument on that subdivision.

Instead, the government briefly argued the position that the Court could not have authority to release grand jury minutes under Rule 6(e)(3)(E)(i), citing limited caselaw to support that position. It appears that the government only cites one appellate case in support of that position: *Am. Friends Serv. Comm. v. Webster*, 720 F.2d 29, 72 (D.C. Cir. 1983). (Gov't Objections at 21-22).

That case, and the government's argument, takes the position that that an earlier statutory version of Rule 6(e) contemplated "*another* judicial proceeding" when the statute referred to "*a* judicial proceeding." The argument is that a determination otherwise would result in "rule swallowing" and as the government argues: "because all motions to dismiss indictments occur within the context of existing judicial proceedings, if Rule 6(e)(3)(E)(i) authorized disclosure whenever pending criminal litigation existed, there would be no need for Rule 6(e)(3)(E)(ii)." (Gov't Objections at 22).

The government references the rules of statutory construction and suggests that they would support the government's argument. Except the fundamental flaw with that position is that the Court must always first look to the plain meaning of the words of the statute, and there is nothing about "preliminary or in connection with *a* judicial

21

proceeding" which supports the reading "another judicial proceeding." The Legislature could have chosen to specify "another" judicial proceeding in Rule 6(e)(3)(E)(i), but it clearly did not intend to create such a restriction on the Court, and the plain meaning of the statute makes that clear.

While the broad language of Rule 6(e)(3)(E)(i) certainly permits disclosure in other judicial proceedings, there is no restriction within the statute prohibiting disclosure related to a judicial proceeding in which the grand jury materials pertain to.

> We cannot agree that the Rule should be limited to criminal proceedings; on the contrary we hold that, prima facie, the term "judicial proceeding" includes <u>any</u> *proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control*, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime. An interpretation that should not go at least so far, would not only be in the teeth of the language employed, but would defeat any rational purpose that can be imputed to the Rule.
>
> *Doe v. Rosenberry*, 255 F. 2d 118, 120 (2nd Cir 1958)(emphasis added).

Furthermore, in terms of statutory construction, the rule of lenity favors resolving such ambiguity in favor of the defendant. As the Supreme Court has held, "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." *United States v. Bass*, 404 U.S. 336, 348 (1971).

22

Applying lenity in the procedural context of Rule 6(e) is consistent with the principle that criminal rules must be construed to safeguard defendants' rights—especially where liberty is at stake. *See United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 518 n.10 (1992) (rule of lenity applies broadly to statutes other than those found in the criminal code).

That is especially true in this case. The issue we are currently litigating provides a clear example regarding why Rule 6(e)(3)(E)(i) must allow for the release of grand jury minutes in "any" judicial proceeding. There was no way for the defense to have learned of the issue observed by Magistrate Judge McCarthy, and if Rule 6(e)(3)(E)(ii) was the only mechanism for grand jury disclosure, then the defendants would have never been afforded the opportunity to address the issue.

It would be unreasonable to believe that the Legislature intended Rule 6(e)(3)(E) to permit a judge's hands to remained tied, even if she or he learns of potential prosecutorial misconduct during a grand jury presentation, simply because the defendants were incapable of bringing a motion under Rule 6(e)(3)(E)(ii). Yet, that is the argument the government rests on to avoid a more substantive analysis of Magistrate Judge McCarthy's discretion under Rule 6(e)(3)(E)(i).

This Court should reject any argument that the Court lacks authority to release grand jury minutes under Rule 6(e)(3)(E)(i), and consistent with that determination, the Court should note that the government fails to advance substantive argument regarding

23

the analysis that Magistrate Judge McCarthy engaged in before ordering the limited release of grand jury transcripts.

## C. Underpinning the Magistrate Judge's Decision is a Concern that the Grand Jury May Have Acted as a Rubber Stamp for the Prosecutor

Adherence to the principle that the grand jury should operate independently underscores the Magistrate Judge McCarthy's approach. Indeed, his decision notes while "[i]t is not for me to decide whether the Second Superseding Indictment should be dismissed… [he has] 'grave doubts' that this grand jury acted independently of the government in returning the Second Superseding Indictment." (Dkt. 664).

The government does not disagree that the grand jury is intended to function independently of the prosecutor. Rather, the government argues that it did so.

The Magistrate Judge McCarthy points to an overarching concern regarding whether the grand jury was engaged in an independent function, rather than merely rubber stamping a government-prepared indictment: "This grand jury took only [REDACTED] minutes, beginning at [REDACTED] on a Friday afternoon, to deliberate and vote on all 28 Counts of the 58-page Second Superseding Indictment. '[T]he fact that the grand jury took so little time to return such a lengthy indictment' (United States v.Breslin,916 F. Supp. 438, 445 (E.D. Pa. 1996)) raises concern as to whether it acted on its own judgment, independently of the prosecutor." (Dkt. 664 at 8).

And Magistrate Judge McCarthy cites caselaw and even the Department of Justice Manual for the general proposition that the prosecutor advises the grand jury on the law. The government casts the issue as whether it was obligated in that role to provide the grand jury with legal instructions.

But as articulated by Magistrate Judge McCarthy, in order to act independently, the grand jury has to be informed of the legal principles that apply to its decisions:

> [T]he government must "furnish it with controlling legal principles" to guide its deliberations. *United States v. Ciambrone*, 601 F.2d 616, 622 (2d Cir. 1979). This means that "the prosecutor must give the grand jury sufficient information concerning the relevant law to enable it intelligently to decide whether a crime has been committed". *United States v. Twersky*, 1994 WL 319367, *4 ( S.D.N.Y. 1994); 4 LaFave, Criminal Procedure §15.7(g) (4th ed.); *United States v. Fisher*, 225 F. Supp. 3d 151, 169 (W.D.N.Y. 2016).

(Dkt. 664 at 3).

Magistrate Judge McCarthy finds the grand jury's independence may have been compromised by the lack of accurate instructions, the failure to instruct on necessary legal definitions, the short time the grand jurors considered the indictment written entirely by the government.

Typically, in the court's empanelment instructions, it will advise that the government will present laws which the government believes may have been violated. These were examples Magistrate Judge McCarthy deemed sufficient to warrant release to the defense. As he specifically recognized, he was not deciding whether a motion to

dismiss the indictment would be successful; only that there was a basis for the defense to bring it.

### D. THE GOVERNMENT'S ARGUMENTS REGARDING THE MERTIS OF A POTENTIAL MOTION TO DISMISS

The government argues prospectively that the grand jury instructions should not be released because the defense would be unsuccessful if it moved to dismiss the indictment on those grounds, the defense has not so moved.

The government attempts to argue the merits of such a motion even before a decision is made as to whether the defense can review the grand jury instructions which may inform any motion to dismiss the indictment. The Magistrate Judge McCarthy's decision did not reach the issue of whether the indictment should be dismissed on the grounds that the grand jury was not properly instructed. *See* 28 U.S.C. 636(b)(1)(A) and Fed.R.Crim.Pro. 59(b). It merely identified a "grave concern" that warranted release of the specified grand jury materials, so the defendants can appropriately evaluate the issue and fully brief it to be properly addressed by the adversarial process.

### E. THE GRAND JURY MINUTES AT ISSUE ARE RELEVANT TO OTHER MOTIONS TO DISMISS

At multiple status conferences, this Court has noted that Magistrate Judge McCarthy's Decision did not address motions to dismiss, including the motion brought by Gerace and others pertaining to false information in the indictment.

Rather, the Decision and Order at issue addresses the fact that after review of the grand jury presentation, Magistrate Judge McCarthy was left with "'grave doubts' that this grand jury acted independently of the government in returning the Second Superseding Indictment." (Dkt. 664 at 9).

The portions of the grand jury that Magistrate Judge McCarthy has identified for disclosure will potentially advance a motion to dismiss based on those doubts that he arrived at after *in camera* review.

However, it may also serve to supplement and further support other motions to dismiss the defendants have brought.

Specifically, when Gerace and others initially sought disclosure based on a potential motion to dismiss due to overtly false information in the indictment, the government characterized the defendants' arguments as a "general disagreement with findings." (Dkt. 423 at 55).

If the record at the grand jury suggests that the grand jury was not engaged in its independent function and merely providing a "rubber stamp" to an indictment, prepared

by the government, then indeed, the falsity of the overt acts in the indictment requires an even closer look and more substantive relief, including perhaps dismissal *with* prejudice.[7]

## V. CONCLUSION

At this juncture in the case, Magistrate Judge McCarthy did not need to decide the requests for grand jury transcripts of specific witness testimony based on claims by individual defendants that false statements were made to the grand jury. The issue of specific "false statements" is a narrower issue affecting only some of the defendants; the Magistrate Judge McCarthy's decision identified the lack of independent review as an overarching issue, one that 1) implicates the rights of all defendants and 2) may form the basis for a motion to dismiss the indictment about which the defendants could not otherwise have known.

Magistrate Judge McCarthy's decision to release a limited excerpt of the grand jury transcripts so that issues concerning the validity of the indictment can be properly addressed should stand. If the defense then files a motion to dismiss the indictment

---

[7] Other defendants' motions may also require another look. For example, co-defendant Hinkle brought a motion to dismiss premised on the insufficiency of allegations in the indictment, noting that there are many overt acts that premised merely on the allegation that two individuals spoke with no reference to the content of the communication. (Dkt. 407-1). The indictment does not provide insight into why the grand jury would have found cause to believe these individual communications to be acts in furtherance of a conspiracy. The concerns raised by the Magistrate provide support for another possible conclusion, i.e. the grand jury did not make those independent findings; it merely rubber stamped the government-prepared indictment.

(dispositive motion) with the district court, in which it may cite the same or different issues as the Magistrate, it will be the District Court's duty at that point to decide whether any of the alleged errors are significant enough to justify dismissing the indictment.

The defense merely asks this Court to permit the defense to review the minutes and utilize them to properly address these important issues with the Court, particularly because it was not clear error for Magistrate Judge McCarthy to order the release of the minutes in the first instance.

For the foregoing reasons, the Court should deny the government's appeal and affirm the Magistrate Court's order directing disclosure of specified grand jury materials.

DATED:    Orchard Park, New York
          December 16, 2025

                              s/ Cheryl Meyers Buth
                              Cheryl Meyers Buth, Esq.
                              MEYERS BUTH LAW GROUP, PLLC
                              *Attorneys for Defendant Peter Gerace, Jr.*
                              21 Princeton Place, Suite 105
                              Orchard Park, New York 14127
                              (716) 508-8598
                              cmbuth@mblg.us

DATED:    Rochester, New York
          December 16, 2025

                              s/ Mark A. Foti
                              Mark A. Foti, Esq.
                              THE FOTI LAW FIRM, P.C.
                              *Attorneys for Defendant Peter Gerace, Jr.*
                              16 W. Main Street – Suite 100
                              Rochester, New York 14614
                              (585) 461-1999
                              mark@fotilaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 16, 2025, the foregoing submission is served on all counsel of record by electronically filing the submission with the Clerk of the United States District Court for the Western District of New York using the Court's Case Management/Electronic Case Filing system.

DATED:    December 16, 2025
            Rochester, New York

                                    s/Mark A. Foti
                                    Mark A. Foti, Esq.