IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 23-CR-99-EAW

PETER GERACE JR.,

Defendant

**GOVERNMENT'S MOTION TO DISMISS COUNT 1 AS TO DEFENDANT GERACE**

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, Nicholas T. Cooper and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby moves, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, to dismiss Count 1 of the Second Superseding Indictment as to defendant Peter Gerace, Jr. ("Gerace").

## DISCUSSION

### 1. Dismissal of Count 1 of the Second Superseding Indictment.

On June 5, 2026, defendants Michael Roncone, Howard Hinkle, Jr., John Ermin, and Frank Knight pleaded guilty to various federal offenses. On September 11, 2026, a jury convicted Simon Gogolack of various federal offenses, including distributing fentanyl to Crystal Quinn resulting in her death. As described in more detail below, the government has, as in all cases, continued to reevaluate its proof and litigation interests in accordance with the interests of justice. Accordingly, pursuant to Federal Rule of Criminal Procedure 48(a), the United States hereby moves to dismiss with prejudice the Second Superseding Indictment's remaining count as to defendant Gerace.

**2. Government's Prior Motion to Dismiss Counts 2 and 3 and Supplemental Filing.**

On June 5, the government filed a motion to dismiss Count 2 and Count 3 as to defendant Gerace. *See* Doc. No. 1000. At this Court's direction, the government provided additional information in support of the dismissal in a supplement filed on June 10, 2026. *See* Doc. No. 1025. At the time of the June 10, 2026 supplemental filing, the government represented to the Court that the admissible evidence did not merit dismissing Count 1 as to Mr. Gerace specifically related to (1) the defendant's actions in attempting to prevent Ms. Quinn from testifying before the Grand Jury, and (2) the defendant's involvement in fraudulently inducing Judge Sinatra's recusal in case numbers 19-CR-227 and 23-CR-37. *Id.* at 2–3. The government further explained that "[t]he admissible evidence at trial–which will include witness testimony, court transcripts, and court records–will permit a reasonable jury to convict Mr. Gerace of conspiring with others to effectuate the fraud and obstruction alleged in Count 1." *Id.* at 3. The government has since reevaluated that determination.

**3. Newly Discovered Information and Anticipated Rulings.**

Newly discovered information in the weeks following the above representations regarding the viability of Count 1, including anticipated evidentiary and legal rulings, have now altered the government's determination that the likely admissible evidence at trial will permit a reasonable jury to convict the defendant of Count 1.

Information received as recently as two months ago impacts the government's ability to prove Count 1. In or about March 2026, the government initiated litigation to resolve whether Mr. Lawrence's testimony would be the subject of attorney-client privilege. The Court resolved this question during the May 1, 2026 Final Pretrial Conference, determining

that the "Lawrence Recording" discussing the orchestrated recusal was not privileged and, even if it was, that privilege had been waived. Fin. Pre-Tr. Conf. Tran., at 124, (dated May 1, 2026).

Upon receiving the Court's ruling—which had the practical effect of authorizing the government to call Mr. Lawrence as a witness—the government worked diligently to speak with Mr. Lawrence. On May 18, 2026, the government served Mr. Lawrence's attorney, Mr. Thomas Eoannou, with a trial subpoena, and requested to schedule a pretrial interview. On June 11, 2026, and in response to negotiations with Mr. Lawrence's defense counsel, the government provided Mr. Lawrence with "letter immunity," which enabled the government to interview him, in the presence of his attorney, on the topic of his role, if any, in defendant Gerace's efforts to fraudulently induce Judge Sinatra's recusal.

On June 24, 2026, the government interviewed Mr. Lawrence, in the presence of his attorney, for the first time. Mr. Lawrence's answers in that first interview necessitated a second interview on July 23, 2026. Mr. Lawrence's statements during these interviews were, in the government's view, at times inconsistent with the statements that he made in the "Lawrence Recording." Additionally, Mr. Lawrence denied that he knowingly agreed with Mr. Gerace to fraudulently orchestrate Judge Sinatra's recusal, and denied knowledge of the existence of any such agreement between Mr. Gerace and others. Thus, through the June 24th and July 23rd interviews, the government became aware, for the first time, that Mr. Lawrence's trial testimony would likely differ from the statements he made in the "Lawrence Recording." Though the government believes that Mr. Lawrence's recorded statements should be admissible as either agent statements or co-conspirator statements, the Court will likely be unable to resolve that issue until closer to trial.

Separately, at a Status Conference on June 11, 2026, involving defendant Gerace, the Court raised concerns that the government's reduced version of Count 1 constructively amended the indictment. Status Conf. Tran., at 34–35, (dated June 11, 2026). At that same status conference, the Court indicated that it had reviewed Judge Vilardo's decision regarding the application of the "Safe Harbor" provision to defendant Gerace's attorneys in Case No. 19-CR-227, and found the decision to be "extremely well-reasoned". The Court further stated and that it "very well may reach the same conclusion." *Id.* at 34. Were the Court to rule in that fashion, the government would likely be precluded from proceeding on a theory that defendant Gerace conspired with Attorney Steve Cohen to fraudulently induce Judge Sinatra's recusal.

**4. Dismissing Count 1 is in the Interest of Justice and Judicial Efficiency.**

Dismissal of Count 1 is appropriate in the interest of justice and judicial efficiency. The defendant is already serving a lengthy term of imprisonment, and a conviction on Count 1 would not meaningfully advance the purposes of sentencing, including just punishment, deterrence, protection of the public, or rehabilitation. Continuing the prosecution would require the expenditure of substantial judicial, prosecutorial, and CJA resources with little practical effect on the defendant's overall sentence. That consideration carries additional weight in light of the government's assessment that subsequent developments have reduced—or could reduce—the viability of certain evidence supporting the prosecution. Under these circumstances, the interests of justice and the efficient use of judicial resources favor dismissal rather than further litigation in this matter.

## CONCLUSION

The information related to the reduced viability of a trial against defendant Gerace on Count 1 of the Second Superseding Indictment, coupled with the reality that defendant Gerace is already serving a 300-month sentence resulting from his convictions in Case Nos. 19-CR-227 and 23-CR-37, has caused the government to re-evaluate its position regarding proceeding to trial against defendant Gerace on Count 1 of Case No. 23-CR-99. For the reasons set forth above, the government believes that the interests of justice counsel in favor of dismissing Count 1 as to defendant Gerace.

DATED: Buffalo, New York, September 23, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY: s/NICHOLAS T. COOPER
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
585-935-7512
Nicholas.Cooper@usdoj.gov